IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CREDIT SUISSE AG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.   3:17-cv-121 |
| | § | |
| M/T KANPUR, IMO NO. 9299771, her | § | Filed under Rule 9(h) Fed. R. Civ. P. |
| engines, apparel, furniture, equipment, | § | |
| appurtenances, tackle, etc., *in rem*, *et al*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFF'S VERIFIED COMPLAINT**

COMES NOW Plaintiff, Credit Suisse AG, and respectfully states as follows:

**JURISDICTION AND VENUE**

1. This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. Subject matter jurisdiction of this Honorable Court is proper in this Court pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 31325(c).  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Jurisdiction is founded on the presence within the District of the M/T KANPUR, which may be arrested in accordance with the provisions of Rules C and D of the Supplemental Rules for Certain Admiralty and Maritime Claims, as pled below.

4. At the time of the filing of this suit, Defendant Tremain Shipping Company Limited was not and is not present within the District and could not and cannot be found within

the District within the meaning of Rule B of the of Supplemental Rules for Certain Admiralty and Maritime Claims.

## THE PARTIES

5. At all times material hereto, Plaintiff Credit Suisse AG ("Plaintiff" or "Credit Suisse") was and is a company incorporated under the laws of Switzerland, acting through its office at St Alban-Graben 1-3, Basel, Switzerland.

6. Defendant M/T KANPUR, IMO NO. 9299771, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem*, is a vessel registered under the laws of Liberia, and is and will be within the jurisdiction of the United States and this Honorable Court during the pendency of this action.

7. Defendant Tremain Shipping Company Limited ("Tremain" or "Owner") is a company incorporated in Liberia, whose registered office is at 80 Broad Street, Monrovia, Liberia, and is the owner of the M/T KANPUR.

## BACKGROUND FACTS

8. Tremain and non-party Porlock Maritime Company Limited (the owner of a separate vessel, the M/T BAREILLY), as joint and several borrowers (hereafter "Borrowers"), and Credit Suisse, as lender, agent, swap Bank and security trustee, are parties to a 10-year loan agreement dated September 19, 2006, as amended March 27, 2013 (the "Loan Agreement"), for a secured loan facility of up to $110,000,000.00 to finance the acquisition of the M/T KANPUR and the M/T BAREILLY. A true and correct copy of the Loan Agreement is attached hereto as Exhibit A.

9. The Loan Agreement is secured by a First Preferred Liberian Mortgage over the M/T KANPUR which was executed between Tremain and Credit Suisse on September 28, 2006,

as amended on March 28, 2013 (the "KANPUR Mortgage").[1] A true and correct copy of the KANPUR Mortgage is attached hereto as Exhibit B. The KANPUR Mortgage was recorded with the Office of the Deputy Commissioner of Maritime Affairs of the Republic of Liberia on September 28, 2006. A true and correct copy of the Certificate of Ownership and Encumbrance showing the recording of the KANPUR Mortgage is attached hereto as Exhibit C.

10. The KANPUR Mortgage constitutes a valid and perfected foreign-preferred mortgage on the Vessel within the meaning of 46 U.S.C. Section 31322 *et. seq*. The Loan Agreement and KANPUR Mortgage were duly and validly executed by Tremain.

11. On August 26, 2016, Credit Suisse sent notice to Borrowers that the aggregate appraised market value of the M/T KANPUR and the M/T BAREILLY was less than 120% of the loan amount. A true and correct copy of the notice sent by Credit Suisse to Borrowers is attached hereto as Exhibit D. Credit Suisse therefore demanded that pursuant to Clause 18 of the Loan Agreement, Borrowers provide, within 30 days, additional security or a partial prepayment of the final loan amount sufficient to eliminate the shortfall. *Id*.

12. Credit Suisse further advised Borrowers that the final repayment date for the Tranche relating to the M/T KANPUR was September 28, 2016, and that the final repayment date for the Tranche relating to the M/T BAREILLY was October 5, 2016. *Id*. Credit Suisse requested that on or before September 2, 2016, Borrowers provide it with definitive details of how they intended to discharge the Outstanding Indebtedness in full on or before October 5, 2016. *Id*.

13. On September 29, 2016, Credit Suisse sent notice to Borrowers advising that they had failed to comply with Credit Suisse's demand for additional security/partial prepayment and

---

[1] The M/T BAREILLY is subject to a separate First Preferred Liberian Mortgage between Porlock and Credit Suisse.

thus an Event of Default had occurred pursuant to clause 19 of the Loan Agreement.  A true and correct copy of the notice sent by Credit Suisse to Borrowers is attached as Exhibit E.  Credit Suisse further provided notice to Borrowers that the final repayment date for the Tranche in relation to the M/T KANPUR was September 28, 2016, and that amongst other sums, the "balloon" repayment of $19,000,000 was due on that date. *Id*. Because no payment had been made as of the date of the notice letter, Credit Suisse advised Borrowers that a further Event of Default had occurred. *Id*.

14. On October 6, 2016, Credit Suisse sent notice to Borrowers that in addition to the $19,000,000.00 that was referenced in its notice letter of September 29, a further "balloon" repayment of $19,000,000.00 relating to the M/T BAREILLY had been due on October 5, 2016, and because no payment had been received as of the date of the notice, a further Event of Default had occurred.  A true and correct copy of the notice sent by Credit Suisse to Borrowers is attached hereto as Exhibit F.

15. On April 5, 2017, Credit Suisse sent notice to Tremain that after application of specified repayment amounts, the current amount remaining overdue and payable to Credit Suisse was $29,700,000.00, plus interest that continued to accrue. A true and correct copy of the notice is attached hereto as Exhibit G.

16. As of the date of this Complaint, the outstanding sum due from Borrowers under the Loan Agreement and Mortgage totals $29,700,000.00 (of which $14,850,000.00 relates to the Advance of Tranche A for MT KANPUR and $14,850,000.00 relates to the Advance of Tranche A for MT BAREILLY), plus interest. *See* Exhibit G. Borrowers have failed to fulfill their obligations under the Loan Agreement and are therefore in breach of the Loan Agreement and are in default.

4

## FORECLOSURE OF PREFERRED SHIP MORTGAGE AND
## FOR DEFICIENCY JUDGMENT

17. Credit Suisse sues the Vessel, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem*, and Tremain, *in personam*, and repeats and realleges by reference the allegations contained in paragraphs 1-15 as if specifically set forth herein.

18. Tremain has failed to perform its obligations under the Loan Agreement and the Mortgage and is in default for failure to pay the sum currently outstanding, due and owing to Credit Suisse, which is $29,700,000.00, plus interest.

19. As a result of the aforesaid defaults under the Loan Agreement and the Mortgage, Credit Suisse is entitled to assert and foreclose its preferred mortgage lien on the Vessel and recover any deficiency from Tremain, in addition to its separate rights and remedies against Porlock, the M/T BAREILLY and the Fist Preferred Liberian Mortgage in respect thereof.

20. Prior to commencement of this action, all acts and things required to be done were accomplished in order to constitute the Mortgage as a foreign-preferred ship mortgage within the meaning of the laws of the United States (46 U.S.C. § 31301 *et seq*.).

WHEREFORE, Credit Suisse requests the following:

A. That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction, issue against the M/T KANPUR, citing it to appear and answer under oath all, and singular, the matters, alleged in the Verified Complaint;

B. That a warrant for the arrest of the M/T KANPUR be issued and that the Vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein against the M/T KANPUR, engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem*;

150114.00601/105306509v.1

C.      That the Mortgage may be declared to be a valid and subsisting lien upon the Vessel which to the extent permitted by applicable law is prior and superior to the interest, liens or claims of any and all persons, firms or corporations whatsoever;

D.      That judgment be issued against the Vessel, *in rem,* in the full amount due under the Loan Agreement, the Mortgage and any other agreements related thereto at the time the warrant of arrest is issued, plus interest, charges, costs and attorneys' fees, as well as any and all other amounts required to be paid by Tremain to Credit Suisse under the Loan Agreement, the Mortgage and any other agreements related thereto with interest and cost;

E.      That the M/T KANPUR, engines, apparel, furniture, equipment, appurtenances, tackle, etc., after her arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award Credit Suisse out of the proceeds of the said sale, the full amount of its claim, together with interest, costs, and attorney's fees;

F.      That Credit Suisse reserves its rights and remedies generally under the Loan Agreement and the security documents specified in clause 14 thereof including (without limitation) its rights and remedies against Porlock and the M/T BAREILLY and reserves its right to proceed against Tremain for any deficiency that may remain due after applying the available proceeds of the sale of the Vessel to the judgment herein; and,

G.      That Credit Suisse have such other and further relief as in law and justice it may be entitled to recover.

                                                  Respectfully submitted,

                                                  */s/ Keith B. Letourneau*
                                                  Keith B. Letourneau
                                                  State Bar No. 00795893
                                                  Federal Bar No. 20041
                                                  717 Texas Avenue, Suite 1400
                                                  Houston, Texas 77002
                                                  Telephone:  (713) 228-6601
                                                  Facsimile:   (713) 228-6605
                                                  Email: kletourneau@blankrome.com
                                                  *Attorney-in-charge for Plaintiff,*
                                                  *Credit Suisse AG*

**OF COUNSEL:**
David Meyer
State Bar No. 24052106
Federal I.D. No. 732583
Email: dmeyer@blankrome.com
**BLANK ROME LLP**

## CERTIFICATE OF SERVICE

      This confirms that the U.S. Marshal has been or will be instructed to serve this application along with all other pleadings on the vessel at issue in accordance with the Federal Rules of Civil Rules of Procedure and Supplemental Rules for Certain Admiralty and Maritime Claims on this 14th day of April, 2017.

                                                  */s/ Keith B. Letourneau*
                                                  Keith B. Letourneau